SEAN P. GATES (CA SBN 186247)
SGates@charislex.com
CHARIS LEX P.C.
301 N. Lake Ave., Suite 1100
Pasadena, California 91101
Telephone: 626.508.1717
Facsimile: 626.508.1730
Attorneys for Tesla, Inc.

Robert J. Nelson (State Bar No. 132797)
rnelson@lchb.com
Nimish R. Desai (State Bar No. 244953)
ndesai@lchb.com
LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, CA 94111-3339
Telephone: 415.956.1000
Facsimile: 415.956.1008

Edward C. Chen (SBN 312553)
Edward.Chen@edchenlaw.com
LAW OFFICES OF EDWARD C. CHEN
1 Park Plaza, Suite 600
Irvine, CA 92614
Telephone: (949) 287-4278
Facsimile: (626) 385-6060
Attorneys for the Proposed Class
*[Additional counsel on next page]*

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| DAVID RASMUSSEN, an individual, on behalf of himself and all others similarly situated | Case No.:  5:19-cv-04596-BLF |
| Plaintiffs, | |
| v. | **STIPULATED PROTECTIVE ORDER** |
| TESLA, INC., a Delaware corporation. | |
| Defendant. | |

1   Additional counsel:

2   PENELOPE A. PREOVOLOS (CA SBN 87607)
    PPreovolos@mofo.com
3   MORRISON & FOERSTER LLP
    425 Market Street
4   San Francisco, California 94105-2482
    Telephone: 415.268.7000
5   Facsimile: 415.268.7522

6   Attorneys for Tesla, Inc.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

The parties to this Stipulated Protective Order, Plaintiff David Rasmussen ("Plaintiff") and Defendant Tesla, Inc. ("Defendant"), through their undersigned counsel, hereby stipulate as follows:

## 1.   PURPOSES AND LIMITATIONS

Disclosure and discovery activity in this action are likely to involve production of confidential, competitive, proprietary, or private information, and may also contain trade secrets or other confidential information, which the parties normally keep confidential, and for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate and agree to be bound by this Stipulated Protective Order ("Order"), and request the above-entitled Court to enter this Stipulated Protective Order as the Order of the Court.

The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.

## 2.   DEFINITIONS

**2.1   Challenging Party**: A Party or Non-Party that challenges the designation of information or items under this Order.

**2.2   "CONFIDENTIAL" Information or Items**: Information (regardless of how it is generated, stored or maintained) or tangible things that contains non-public, confidential, or proprietary information that the disclosing party does not make public in the ordinary course of its conduct. Information so designated may be viewed subject to the restrictions set forth at Paragraph 7.2, below.

**2.3   "HIGHLY CONFIDENTIAL" Information or Items**: Information (regardless of how it is generated, stored or maintained) or tangible things that contains non-public, confidential, or proprietary information of a commercially sensitive nature, the disclosure of which would create a substantial risk of causing significant competitive or commercial disadvantage the Designating Party. Information so designated may be viewed subject to the restrictions set forth at Paragraph 7.3, below.

**2.4   Counsel (without qualifier)**: Outside Counsel of Record and In-House Counsel as well as their respective support staff.

**2.5**     **Designating Party**: A Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."

**2.6**     **Discovery Material**: All items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

**2.7**     **Expert**: A person with specialized knowledge or experience in a matter pertinent to the litigation, including his or her employees and support personnel, who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action, and who is not an employee or independent contractor of a Party.

**2.8**     **In-House Counsel**: Attorneys, paralegals, and other legal department personnel who are employees of a Party. In-House Counsel does not include Outside Counsel of Record or any other outside counsel.

**2.9**     **Non-Party or Non-Parties**: Any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

**2.10**   **Outside Counsel of Record**: Attorneys who are not employees of a party to this action but are retained to represent or advise a party to this action and have appeared in this action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party.

**2.11**   **Party or Parties**: Any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

**2.12**   **Producing Party**: A Party or Non-Party that produces Discovery Material in this action.

**2.13**   **Professional Vendors**: Persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

**2.14**   **Protected Material**: Any Discovery Material that is designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."

**2.15**   **Receiving Party**: A Party that receives Discovery Material from a Producing Party.

**3.**     **SCOPE**

(a)     The protections conferred by this Order cover not only Protected Material (as defined above), but also (i) any information copied or extracted from Protected Material; (ii) all copies, excerpts, summaries, or compilations of Protected Material (including portions of briefs, memoranda, or other written documents filed with the Court, or exhibits thereto); and (iii) any testimony, conversations, or presentations by Parties or their Counsel that contain, summarize, or reflect Protected Material.

(b)     However, the protections conferred by this Order do not cover the following information: (i)  any information that is in the public domain at the time of disclosure to a Receiving Party or that becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (ii) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party.

(c)     Any use of Protected Material at trial shall be governed by a separate agreement or order.

**4.**     **DURATION**

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (a) dismissal of all claims and defenses in this action, with or without prejudice; and (b) final judgment herein after the completion and exhaustion of all appeals, re-hearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law. Notwithstanding the foregoing, and in accordance with applicable legal standards, for a period of no more than two years from final disposition (as herein defined), the Court may reopen the litigation to exercise jurisdiction over its subject matter and the Parties to enforce this Order.

**5.**     **DESIGNATING PROTECTED MATERIAL**

**5.1**     **Exercise of Restraint and Care in Designating Material for Protection**.

(a)     A Designating Party must take care to limit any designation to specific material that qualifies under appropriate legal standards.

(b)     If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the mistaken designation.

**5.2     Manner and Timing of Designations**. Except as otherwise provided in this Order, or as otherwise stipulated or ordered, Discovery Material that qualifies for protection under this Order must be clearly so designated. It is the duty of the Designating Party to give notice of the confidentiality designation pursuant to this Order, which must be done, wherever possible, before the material is disclosed or produced. The duty of the Receiving Party and of all other persons bound by this Order to maintain the confidentiality of the Protected Material shall commence with receipt of the designation.

Designation in conformity with this Order requires:

(a)     For information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" to each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL," unless otherwise agreed by the Parties. After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" legend to each page that contains Protected Material. If only a portion or portions of the material on a

page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

(b)     For testimony given in deposition or in other pretrial or trial proceedings, that the Designating Party shall provide written notice and identification of the specific pages of the transcript (and any exhibits thereto) that are CONFIDENTIAL or HIGHLY CONFIDENTIAL, within thirty (30) days of receiving the final transcript. A confidentiality designation may also be made at the time of the deposition or other proceeding, by indicating on the record before the close of the deposition or other proceeding.

Unless the Parties agree otherwise, until the expiration of the thirty (30) day period during which such designations may be made, the entire transcript will be treated as though it is subject to protection as HIGHLY CONFIDENTIAL material under the terms of this Order. At the expiration of that thirty-day period, any portions of the transcript not designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL will cease to be treated as HIGHLY CONFIDENTIAL. During the pendency of any such subsequent designation or motion, the testimony that is the subject of the designation shall be treated as though the designation was timely asserted.

(c)     For information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL." If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s). An electronic file should include the pertinent legend in the electronic filename or folder as appropriate.

**5.3     Inadvertent Failures to Designate**. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Any correction to a designation and notice of that correction shall be made in writing, accompanied by substitute copies of each item of Protected Material, properly marked as CONFIDENTIAL or HIGHLY CONFIDENTIAL, in accordance with

Paragraph 5.2 of this Order. A Receiving Party may challenge a late designation in accordance with Paragraph 6 of this Order. Until such challenge is resolved by the Parties or the Court, the disputed Discovery Material shall be treated as CONFIDENTIAL or HIGHLY CONFIDENTIAL, in accordance with the corrected designation. If no challenge is made to a late designation, then within twenty-eight (28) days of receipt of the corrected or substituted copies of the Discovery Material, the Receiving Party shall destroy or return to counsel for the Producing Party all copies of such mis-designated Discovery Material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

**5.4     Upward Designation of Information or Items Produced by Other Parties or Non-Parties**. Subject to the standards of Paragraph 5.1, a Party may upward designate (i.e., change any Discovery Material produced without a designation to a designation of "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" or designate any Discovery Material produced as "CONFIDENTIAL" to a designation of "HIGHLY CONFIDENTIAL") any Discovery Material produced by any other Party or Non-Party, provided that said Discovery Material contains the upward designating Party's own trade secrets or other confidential research, development, financial, personal, or commercially sensitive information.

Upward designation shall be accomplished by providing written notice to all Parties identifying (by Bates number or other individually identifiable information) the Discovery Material to be re-designated within thirty (30) days after receipt of the production from the Producing Party. Notwithstanding any other provision of this Protective Order, all Discovery Material produced by a Non-Party to this action shall be treated as "HIGHLY CONFIDENTIAL" for thirty (30) days after receipt of the production, or until either written notice of a designation or written notice that no designation will be made is received from all Parties, whichever occurs first. Failure to upward designate within thirty (30) days of production, alone, will not prevent a Party from obtaining the agreement of all Parties to upward designate certain Discovery Material or from moving the Court for such relief. Any Party may object to the upward designation of Discovery Material pursuant to the procedures set forth in Paragraph 6 regarding challenging designations.

**6.      CHALLENGING CONFIDENTIALITY DESIGNATIONS**

      **6.1      Timing of Challenges**. Any Party or Non-Party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

      **6.2      Meet and Confer Requirement**. The Challenging Party shall initiate the challenge process by providing written notice of each designation it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific Paragraph 9 of this Order. The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly within twenty-one (21) days of the date of service of notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet-and-confer process first or establishes that the Designating Party is unwilling to participate in the meet-and-confer process in a timely manner.

      **6.3      Judicial Intervention**. If the Parties cannot resolve a challenge without intervention by the Court, the Designating Party shall file and serve a motion to retain the confidentiality designation within twenty-one (21) days of the Parties' agreement that the meet-and-confer process has not resolved their dispute. Each such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet-and-confer requirements imposed in Paragraph 6.2 above. Failure by the Designating Party to file such a motion including the required declaration within twenty-one (21) days shall automatically waive the confidentiality designation for each challenged designation. In addition, the Challenging Party may file a motion challenging a confidentiality designation at any time if there is good cause for doing so, including a challenge to the designation of a deposition transcript or

any portions thereof. Any motion brought pursuant to this provision (whether by the Designating Party or the Challenging Party) must be accompanied by a competent declaration affirming that the movant has complied with the meet-and-confer requirements imposed by Paragraph 6.2 above.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Unless the Designating Party has waived the confidentiality designation by failing to file a motion to retain confidentiality as described above, all Parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court or Discovery Referee rules on the challenge.

## 7.    ACCESS TO AND USE OF PROTECTED MATERIAL

**7.1    Basic Principles**. A Receiving Party may use Discovery Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. Every person to whom Protected Material is to be disclosed, summarized, described or otherwise communicated in whole or in part, shall first be advised that the Protected Material is being disclosed pursuant and subject to the terms of this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of Paragraph 13 below ("FINAL DISPOSITION").

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order. For purposes of this Order, a secure website, or other internet-based document repository with adequate security and access limited to persons authorized under this Order, shall be deemed a secure location.

**7.2    Disclosure of "CONFIDENTIAL" Information or Items**. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" to only:

(a)    The Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation.

(b)      Legal professionals who are independent contractors of the Receiving Party's Outside Counsel of Record in this action, to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" that is attached as Exhibit A.

(c)      The Receiving Party (if an individual), the officers, directors, and employees (including In-House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" that is attached as Exhibit A.

(d)      Pursuant to the provisions of Paragraphs 7.4(a)-(c) below, Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" that is attached as Exhibit A.

(e)      The Court and any Court personnel, including any person designated by the Court or the Parties to serve as special master, mediator, or arbitrator.

(f)      Court reporters and their staff.

(g)      Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" that is attached as Exhibit A.

(h)      Professional jury or trial consultants, and mock jurors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" that is attached as Exhibit A.

(i)      The author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information. If such individuals are allowed to keep copies of Protected Materials and do not otherwise have copies of such materials, they must sign the "Acknowledgment and Agreement to Be Bound" that is attached as Exhibit A.

**7.3     Disclosure of "HIGHLY CONFIDENTIAL" Information or Items**. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL" to only:

(a)     The Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation.

(b)     Legal professionals who are independent contractors of the Receiving Party's Outside Counsel of Record in this action, to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" that is attached as Exhibit A.

(c)     Up to two (2) "Designated Representatives" of the Receiving Party, each of whom must serve as In-House Counsel to the Receiving Party, have supervisory responsibility for this litigation, not be involved in providing business advice as part of his/her day-to-day job responsibilities, and have signed the "Acknowledgment and Agreement to Be Bound" that is attached as Exhibit A.

(1)     A Designated Representative for a Receiving Party may not:

(A)     discuss or disclose the contents of the "HIGHLY CONFIDENTIAL" materials with or to other employees or third parties who are not otherwise authorized to receive them pursuant to the terms of this Order; and/or

(B)     use the "HIGHLY CONFIDENTIAL" materials for any purpose other than in connection with the prosecution or defense of the lawsuit.

(d)     Pursuant to the provisions of Paragraph 7.4, Experts (as defined in this Order) or consultants of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" that is attached as Exhibit A.

(e)     The Court and any Court personnel, including any person designated by the Court or the Parties to serve as special master, mediator, or arbitrator.

(f)     Court reporters and their staff.

(g)     Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" that is attached as Exhibit A.

(h)     Professional jury or trial consultants to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" that is attached as Exhibit A.

(i)     Mock jurors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" that is attached as Exhibit A; provided, however, that a Party may disclose only arguments and materials derived from Discovery Material designated as "HIGHLY CONFIDENTIAL," and may not disclose to mock jurors any original, as-produced materials or information (including, for example, documents, deposition testimony, or interrogatory responses) produced by another Party designated "HIGHLY CONFIDENTIAL."

(j)     The author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information. If such individuals are allowed to keep copies of Protected Materials and do not otherwise have copies of such materials, they must sign the "Acknowledgment and Agreement to Be Bound" that is attached as Exhibit A.

**7.4     Disclosure of "CONFIDENTIAL" and "HIGHLY CONFIDENTIAL" Information or Items to Experts or Consultants**.

(a)     Notwithstanding Paragraphs 7.2(d) and 7.3(d), above, Protected Material may be provided to the persons listed therein only to the extent necessary for such Expert or consultant to prepare a written opinion, prepare to testify, or assist Outside Counsel of Record in this Litigation, provided that said Expert or consultant is using the Protected Material solely in connection with this Litigation. Outside Counsel of Record for the Party showing, providing or disclosing any Protected Material to any Expert or consultant, pursuant to Paragraphs 7.2(d) or

7.3(d), shall be responsible for obtaining such signed undertaking and retaining the original, executed copy thereof.

(b)     Prior to disclosure of another Party's or Non-Party's information designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" to any Expert or consultant who has in the last three years worked or consulted for, or at the time of retention anticipates working or consulting for, (i) a manufacturer of automobiles on an electric vehicle battery or battery management system, (ii) a manufacturer of batteries on a product that competes with any of Tesla's products, or (iii) any person or entity who works for, consults with or advises any person or entity about any issue or matter regarding Tesla, including but not limited to (by way of example only) any other car company, franchise auto dealer, solar company, or any other person or entity that is a short seller of Tesla stock or is associated with the TSLAQ community, the disclosing Party must first identify in writing to Outside Counsel of Record for the Designating Party that Expert or consultant and a general description of the Expert's or consultant's employment and consulting relationship(s) sufficient to allow the Designating Party to determine if it will object to the disclosure of its "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" information to that Expert or consultant, unless the Designating Party agrees to permit disclosure without such information. Counsel for the Designating Party shall have ten (10) days from receipt of such notice to undertake meet-and-confer procedures, during which time no Protected Material shall be disclosed to the Expert or consultant, and any objections not informally resolved shall be the subject of a motion by the Designating Party.

(c)     During the pendency of and for a period of 120 days after the final resolution of this action, including all appeals, any Expert or consultant who receives Tesla Highly Confidential Material shall give notice to Tesla should the Expert or consultant become employed by or consult for (i) a manufacturer of automobiles on an electric vehicle battery or battery management system, (ii) a manufacturer of batteries on a product that competes with any of Tesla's products, or (iii) any person or entity who works for, consults with or advises any person or entity about any issue or matter regarding Tesla, including but not limited to (by way

of example only) any other car company, franchise auto dealer, solar company, or any other person or entity that is a short seller of Tesla stock or is associated with the TSLAQ community.

(d)     Identification of an Expert or consultant under Paragraph 7.4(b) shall include the full name, professional address and affiliation of the Expert or consultant, the present and prior employments or consultancies of the Expert or consultant for the last three years, and work done for any Party in this action (other than work done in this litigation).

(e)     If a Designating Party files a motion pursuant to this Paragraph to preclude disclosure to an Expert or consultant within ten (10) days of a meet and confer as specified in Paragraph 7.4(b), then no disclosure shall be made to the Expert or consultant unless and until the motion has either been withdrawn or resolved.

(f)     Identifications pursuant to this paragraph 7.4 shall be used by the Designating Party only for the purpose of determining whether to object to the disclosure of "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" to the Expert or consultant and for no other purpose. Such identifications cannot be used by the Designating Party for any discovery.

## 8.     PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Receiving Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL", that Party must:

(a) Promptly, and in no event more than two (2) court days after receiving the subpoena or order, notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order.

(b) Promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Order. Such notification shall include a copy of this Order.

(c) Cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected. In addition, unless otherwise required by law, the Receiving Party must not voluntarily disclose the Designating Party's

1   Protected Material until ten (10) court days after it has provided notice of the subpoena or court

2   order to the Designating Party to allow the Designating Party time to object. If the Designating

3   Party timely seeks a protective order, the Receiving Party served with the subpoena or court

4   order shall not produce any information designated in this action as "CONFIDENTIAL" or

5   "HIGHLY CONFIDENTIAL" before a determination by the court from which the subpoena or

6   order issued, unless the Party has obtained the Designating Party's permission. The Designating

7   Party shall bear the burden and expense of seeking protection in that court of its confidential

8   material. Nothing in these provisions should be construed as authorizing or encouraging a

9   Receiving Party in this action to disobey a lawful directive from another court.

10   **9.     A NON-PARTY'S PROTECTED MATERLIAL SOUGHT TO BE PRODUCED IN THIS**

11   **LITIGATION**

12   **9.1**     The terms of this Order are applicable to information produced by Non-Parties in this

13   action, which is designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL". Such information

14   produced by Non-Parties in connection with this litigation is protected by the remedies and relief

15   provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from

16   seeking additional protections.

17   **9.2**     In the event that a Party is required, by a valid discovery request, to produce a Non-

18   Party's confidential information in its possession, and the Party is subject to an agreement with the Non-

19   Party not to produce the Non-Party's confidential information, then the Party shall:

20          (a)     Promptly notify in writing the Requesting Party and the Non-Party that some or

21   all of the information requested is subject to a confidentiality agreement with a Non-Party.

22          (b)     Promptly provide the Non-Party with a copy of this Order, the relevant discovery

23   request(s), and a reasonably specific description of the information requested.

24          (c)     Make the information requested available for inspection by the Non-Party.

25   **9.3**     If the Non-Party fails to seek a protective order from this Court within fourteen (14) days

26   of receiving the notice and accompanying information, the Receiving Party may produce the Non-

27   Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a

28   protective order, the Receiving Party shall not produce any information in its possession or control that

14

is subject to the confidentiality agreement with the Non-Party before a determination by the court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this Court of its Protected Material.

**10.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached as Exhibit A.

**11.    FILING PROTECTED MATERIAL**

Without written permission from the Designating Party or a Court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. If a Party wishes to submit any Protected Material to the Court in this action that has been designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL," the Party shall file such material under seal and comply with the requirements of Northern District Civil Local Rule 79-5.

**12.    USE OF PROTECTED MATERIAL AT DEPOSITIONS**

If "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" material is disclosed at a deposition, only the court reporter and those persons who are authorized by the terms of this Order to receive such material may be present.

**13.    INADVERTENTLY PRODUCED DOCUMENTS**

If a Party at any time notifies any other Party that it inadvertently produced documents, testimony, information, and/or things that are protected from disclosure under the attorney-client privilege, work product doctrine, and/or any other applicable privilege or immunity, or the Receiving Party discovers such inadvertent production, the inadvertent production shall not be deemed a waiver of the applicable privilege or protection. The Receiving Party shall within five (5) court days of receipt of such notice or discovery return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until further order of the Court; must take reasonable steps to

retrieve the information if the party disclosed it before being notified; and may promptly present the information to the Court under seal for a determination of the claim pursuant to Fed. R. Civ. P. 26(b)(5).

**14.    ADVICE TO CLIENT**

Nothing in this Protective Order will bar or otherwise restrict Counsel from rendering advice to his or her client with respect to this matter or from generally referring to or relying upon "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" Discovery Material in rendering such advice, provided however, that in rendering such advice or in otherwise communicating with his or her client, Counsel shall not reveal or disclose the specific content thereof if such disclosure is not otherwise permitted under this Protective Order.

**15.    MISCELLANEOUS**

**15.1    Right to Further Relief**. Nothing in this Order abridges the right of any person to seek its modification by the Discovery Referee or Court in the future.

**15.2    Right to Assert Other Objections**. By stipulating to the entry of this Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Order. Similarly, no Party waives any right to object on any ground to use in evidence any of the material covered by this Protective Order.

**16.    FINAL DISPOSITION**

Within sixty (60) days after the final disposition of this action, as defined in Paragraph 4, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60-day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits,

expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Paragraph 4.

IT IS SO STIPULATED.

Dated:  March 24, 2020                   By:   /s/ Sean Gates
                                          Sean P. Gates
                                          CHARIS LEX P.C.
                                          Attorneys for Defendant
                                          TESLA, INC.

Dated:  March 24, 2020                   By:   /s/ Edward C. Chen
                                          Edward C. Chen
                                          LAW OFFICE OF EDWARD C. CHEN
                                          Attorneys for Plaintiff
                                          DAVID RASMUSSEN

Dated:  March 24, 2020                   By:   /s/ Nimish Desai
                                          Nimish Desai
                                          LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
                                          Attorneys for Plaintiff
                                          DAVID RASMUSSEN

PURSUANT TO STIPULATION, IT IS SO ORDERED.

Dated:


                                          _____
                                          Honorable Beth L. Freeman

17

**ECF ATTESTATION**

I, Sean Gates, am the ECF User whose ID and password are being used to file the foregoing STIPULATED PROTECTIVE ORDER. In compliance with Local Rule 5-1, I hereby attest that Edward C. Chen and Nimish Desai have concurred in this filing.

Dated:  March 24, 2020

By:    /s/ Sean P. Gates
                    Sean P. Gates
                    CHARIS LEX P.C.
                    Attorneys for Defendant
                    TESLA, INC.

STIPULATED PROTECTIVE ORDER

CASE NO.:  5:19-cv-04596-BLF

**EXHIBIT A**

AGREEMENT TO BE BOUND BY PROTECTIVE ORDER (INDIVIDUAL)

I, _____ declare:

1.      I am employed as _____ by _____.

2.      I have read the foregoing Stipulated Protective Order entered by the Federal District Court for the Northern District of California in the case of *Rasmussen v. Tesla, Inc.*, Case No. 5:19-cv-04596-BLF (the "Order"), and have received a copy of it.

3.      I represent, warrant and promise that I will use any and all "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" information, as defined in the Order, given to me only in a manner authorized by the Order, and only to assist in the litigation of this matter.

4.      I represent, warrant and promise that I will not disclose or discuss such "CONFIDENTIAL," "HIGHLY CONFIDENTIAL" information with anyone other than the persons described in and permitted by the Order.

5.      I understand and acknowledge the notice obligations set forth in paragraph 7.4 of the Stipulated Protective Order and agree to provide the required notice to counsel of record for Tesla in this matter within five business days of my becoming employed by or consulting for any of the enumerated persons or entities.

6.      I understand and acknowledge that, by signing this agreement, I am subjecting myself to the jurisdiction of the Federal District Court for the Northern District of California with respect to enforcement of the Order, even if such enforcement proceedings occur after termination of this matter.

7.      I understand and acknowledge that any disclosure or use of "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" information in any manner contrary to the provisions of the Order may subject me to sanctions for contempt of court, and to damages to the Designating Party (as defined in the Order).

STIPULATED PROTECTIVE ORDER

CASE NO.:  5:19-cv-04596-BLF

1

I declare under penalty of perjury under the laws of the State of California and the United States

2

of America that the foregoing is true and correct.

3

4

Dated:

5

_____

[DECLARANT SIGNATURE]

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

STIPULATED PROTECTIVE ORDER

CASE NO.:  5:19-cv-04596-BLF

# EXHIBIT A

## AGREEMENT TO BE BOUND BY PROTECTIVE ORDER (COMPANY)

I, _____, declare:

1.      I am the _____ of _____.

2.      I have read the foregoing Stipulated Protective Order entered by the Federal District Court for the Northern District of California in the case of *Rasmussen v. Tesla, Inc.*, Case No. 5:19-cv-04596-BLF (the "Order"), and have received a copy of it. I sign this Order on behalf of _____ _____ ("Company"), and am duly authorized to do so.

3.      Company represents, warrants and promises that Company will use any and all "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" information, as defined in the Order, given to it only in a manner authorized by the Order, and only to assist in the litigation of this matter.

4.      Company represents, warrants and promises that Company will not disclose or discuss such "Confidential" or "Highly Confidential" information with anyone other than the persons described in and permitted by the Order.

5.      Company understands and acknowledges the notice obligations set forth in paragraph 7.4 of the Stipulated Protective Order, and Company represents, warrants and promises that Company to provide the required notice to counsel of record for Tesla in this matter within five business days of becoming employed by or consulting for any of the enumerated persons or entities.

6.      Company understands and acknowledges that, by signing this agreement, Company is subjecting itself to the jurisdiction of the Federal District Court for the Northern District of California with respect to enforcement of the Order, even if such enforcement proceedings occur after termination of this matter.

7.      Company understands and acknowledges that any disclosure or use of "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" information in any manner contrary to the provisions of the Order may subject Company to sanctions for contempt of court, and to damages to the Designating Party (as defined in the Order).

STIPULATED PROTECTIVE ORDER

CASE NO.:  5:19-cv-04596-BLF

1   I declare under penalty of perjury under the laws of the State of California and the United States

2   of America that the foregoing is true and correct.

3

4   Dated:

5   _____

6                    [DECLARANT SIGNATURE]

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

STIPULATED PROTECTIVE ORDER

CASE NO.:  5:19-cv-04596-BLF