UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| DAVID RASMUSSEN, an individual, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>TESLA, INC. d/b/a TESLA MOTORS, INC.,<br><br>Defendant. | Case No. 5:19-cv-04596-BLF<br><br>[PROPOSED] PRELIMINARY APPROVAL ORDER |

**PRELIMINARY APPROVAL ORDER**

This matter is before the Court on Plaintiff David Rasmussen's unopposed Motion for Preliminary Approval of Class Action Settlement (the "Motion"). The Motion attaches and incorporates a Settlement Agreement and Release (the "Settlement Agreement") that, together with the exhibits thereto, sets forth the terms and conditions for the settlement of claims, on a classwide basis, against Defendant Tesla, Inc. ("Tesla" and, along with Plaintiff, the "Parties").

Having carefully considered the Motion and the Settlement Agreement, and all of the files, records, and proceedings herein, and the Court determining upon preliminary examination that the Settlement Agreement appears to be fair, reasonable, and adequate, and that the proposed plan of notice to the Settlement Class is the best notice practicable under the circumstances and consistent with requirements of due process and Federal Rule of Civil Procedure 23, and that a hearing should and will be held after notice to the Settlement Class to confirm that the Settlement Agreement is fair, reasonable, and adequate, and to determine whether this Court should enter a judgment approving the Settlement and an order of dismissal of this action based upon the Settlement Agreement:

NOW, THEREFORE, IT IS HEREBY ORDERED:

1. Unless otherwise defined herein, capitalized terms and phrases in this Order shall have the same meaning as ascribed to them in the Settlement Agreement.

2. For purposes of settlement only, the Court has jurisdiction over the subject matter of this action and personal jurisdiction over the Parties and the members of the Settlement Class described below.

3. The Court finds that, subject to the Final Approval Hearing, the Settlement Agreement is fair, reasonable, adequate, and in the best interests of the Settlement Class. The Court further finds that the Settlement Agreement substantially fulfills the purposes and objectives of the class action and provides beneficial relief to the Settlement Class. The Court also finds that the Settlement Agreement (a) is the result of arm's-length negotiations involving experienced counsel, with the assistance of mediators the Honorable Daniel Weinstein (ret.) and Cathy Yanni, Esq.; (b) is sufficient to warrant notice of the settlement and the Final Approval Hearing to the Settlement

1  Class; (c) meets all applicable requirements of law, including Federal Rule of Civil Procedure 23
2  and the Class Action Fairness Act; and (d) is not a finding or admission of liability by Tesla.

**Certification of Settlement Class**

4.  Under Rule 23(b)(3) of the Federal Rules of Civil Procedure, and for purposes of settlement only, the Court preliminarily approves the following Settlement Class:

> All U.S. residents who, anytime during the period from May 15, 2019 through September 1, 2020, owned or leased a Tesla Model S vehicle that experienced a limitation of maximum battery voltage as the result of the software update issued by Tesla in May 2019. Excluded from the Settlement Class are any Judge presiding over this Action, the members of his or her immediate family, and Tesla and its officers and directors.

5.  All persons who are members of the Settlement Class who have not submitted a timely request for exclusion are referred to collectively as "Settlement Class Members" or individually as a "Settlement Class Member."

6.  For purposes of settlement only, the Court finds that the prerequisites for a class action under Federal Rules of Civil Procedure 23(a) and (b)(3) have been met, including that the Settlement Class is sufficiently numerous, that there are questions of law and fact common to members of the Settlement Class that predominate, that Plaintiff's claims are typical of the claims of the Settlement Class, that Plaintiff and his counsel adequately represent the interests of the Settlement Class, and that a settlement class action is a superior method of adjudicating this Action.

7.  Under Federal Rule of Civil Procedure 23, and for settlement purposes only, Plaintiff David Rasmussen is hereby appointed Class Representative and the following are hereby appointed as Class Counsel:

> Robert J. Nelson
> Nimish R. Desai
> LIEF, CABRASER, HEIMANN & BERNSTEIN, LLP
> 275 Battery Street, 29th Floor
> San Francisco, CA 94111-3339
>
> Edward C. Chen
> YK Law LLP
> 445 S. Figueroa St. Suite 2280
> Los Angeles, CA

## Notice and Administration

8. The Court hereby approves of Angeion Group to perform the functions and duties of the Settlement Administrator set forth in the Settlement Agreement—including providing notice to the Settlement Class and administering distributions from the Settlement Fund—and to provide such other administration services as are reasonably necessary to facilitate the completion of the Settlement.

9. The Court has carefully considered the forms and methods of notice to the Settlement Class set forth in the Settlement Agreement ("Notice Plan"). The Court finds that the Notice Plan constitutes the best notice practicable under the circumstances and fully satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure, the requirements of due process, and the requirements of any other applicable law, such that the terms of the Settlement Agreement, the releases provided for therein, and this Court's final judgment will be binding on all Settlement Class Members.

10. The Court hereby approves the Notice Plan and the form, content, and requirements of the Class Notice attached as Exhibit A to the Settlement Agreement and the Summary Notice attached as Exhibit B to the Settlement Agreement. The Settlement Administrator shall cause the Notice Plan to be executed within 100 (one hundred) days following the entry of this Order. Class Counsel, prior to the Final Approval Hearing, shall file with the Court a declaration executed by the Settlement Administrator attesting to the timely completion of the Notice Plan.

11. All costs of providing notice to the Settlement Class, notice to appropriate federal and state officials as required by the Class Action Fairness Act of 2005, and administering distributions from the Settlement Fund shall be separately paid by Tesla, as provided by the Settlement Agreement.

## Exclusion and "Opt-Outs"

12. Each and every member of the Settlement Class shall be bound by all determinations and orders pertaining to the Settlement, including the release of all claims to the extent set forth in the Settlement Agreement, unless such person requests exclusion from the Settlement in a timely and proper manner, as hereinafter provided.

1     13.     A member of the Settlement Class wishing to request exclusion (or "opt-out") from the Settlement shall mail a request for exclusion to the Settlement Administrator. The request for exclusion must be in writing, must be mailed to the Settlement Administrator at the address specified in the Class Notice, must be postmarked no later than 45 days following the Notice Date, and must clearly state the Settlement Class member's desire to be excluded from the Settlement Class, as well as the Settlement Class member's name, address, and signature. The request for exclusion shall not be effective unless it provides the required information and is made within the time stated above. No member of the Settlement Class, or any person acting on behalf of or in concert or in participation with a member of the Settlement Class, may request exclusion of any other member of the Settlement Class from the Settlement.

     14.     Members of the Settlement Class who timely request exclusion from the Settlement will relinquish their rights to benefits under the Settlement and will not release any claims against Tesla.

     15.     All members of the Settlement Class who do not timely and validly request exclusion shall be bound by all terms of the Settlement Agreement and by the Final Approval Order and Judgment even if they have previously initiated or subsequently initiate individual litigation or any other proceedings against Tesla.

     16.     The Settlement Administrator will provide promptly, and no later than five (5) business days following the deadline for members of the Settlement Class to opt-out, all Parties with copies of any exclusion requests, and Plaintiff shall file a list of all persons who have validly opted out of the Settlement with the Court prior to the Final Approval Hearing.

**Objections**

     17.     Any member of the Settlement Class who does not file a timely request for exclusion, but who wishes to object to approval of the proposed Settlement, to the award of attorneys' fees and costs, or to the service award to the Class Representative must mail to the Class Action Clerk or file with the Court a written statement that includes: a caption or title that identifies it as "Objection to Class Settlement in *Rasmussen et al. v. Tesla Inc*., No. 5:19-cv-04596-BLF;" the Settlement Class Member's name, address, and telephone number; all grounds for the objection,

with any factual and legal support for each stated ground; the identity of any witnesses he or she may call to testify; copies of any exhibits that he or she intends to introduce into evidence at the Final Approval Hearing; and a statement of whether the Settlement Class Member intends to appear at the Final Approval Hearing with or without counsel.  The Court will consider objections to the Settlement, to the award of attorneys' fees and costs, or to the service award to the Class Representative only if such objections and any supporting papers are postmarked or filed on or before 45 days following the Notice Date.

18. A Settlement Class Member who has timely filed a written objection stating the Settlement Class Member's intention to appear at the Final Approval Hearing as set forth above may appear at the Final Approval Hearing in person or through counsel to be heard orally regarding his or her objection.  It is not necessary, however, for a Settlement Class Member who has filed a timely objection to appear at the Final Approval Hearing.  No Settlement Class Member wishing to be heard orally in opposition to the approval of the Settlement and/or the request for attorneys' fees and costs and/or the request for service award to the Class Representative will be heard unless that Settlement Class Member has filed a timely written objection as set forth above, including a statement that the Settlement Class Member intends to appear at the Final Approval Hearing.  No non-party, including members of the Settlement Class who have timely opted out of the Settlement, will be heard at the Final Approval Hearing.

19. Any Settlement Class Member who does not make an objection to the Settlement in the manner provided herein shall be deemed to have waived and forfeited any and all rights he or she may have to object, appear, present witness testimony, and/or submit evidence; shall be barred from appearing, speaking, or introducing any testimony or evidence at the Final Approval Hearing; shall be precluded from seeking review of the Settlement Agreement by appeal or other means; and shall be bound by all terms of the Settlement Agreement and by all proceedings, orders, and judgments in the Action.

**Final Approval Hearing**

20. The Federal Rule of Civil Procedure 23(e) Final Approval Hearing is hereby scheduled to be held before the Court on **June 16, 2022** at 9:00 a.m. at the San Jose Courthouse, Courtroom 3, 5th Floor, 280 S. 1st Street, San Jose, CA 91513, or by remote means as the Court may order, for the following purposes:

(a) to finally determine whether the applicable prerequisites for settlement class action treatment under Federal Rules of Civil Procedure 23(a) and (b) are met;

(b) to determine whether the Settlement is fair, reasonable, and adequate, and should be given final approval by the Court;

(c) to determine whether the judgment as provided under the Settlement Agreement should be entered;

(d) to consider the application for an award of attorneys' fees and expenses of Class Counsel;

(e) to consider the application for a service award to the Class Representative;

(f) to consider the distribution of the Settlement benefits under the terms of the Settlement Agreement; and

(g) to rule upon such other matters as the Court may deem appropriate.

21. On or before thirty-five (35) days in advance of the opt-out or objection deadline, Class Counsel shall file any application for attorneys' fees and expenses and service award to the Class Representative. Papers in support of final approval of the settlement and in response to any objection shall be filed no later than fourteen (14) days prior to the Final Approval Hearing. The Final Approval Hearing may be postponed, adjourned, transferred, or continued by order of the Court without further notice to the Settlement Class. At, or following, the Final Approval Hearing, the Court may enter a Final Approval Order and Judgment in accordance with the Settlement Agreement that will adjudicate the rights of all class members.

22. For clarity, the deadlines the Parties and members of the Settlement Class shall adhere to are as follows:

| | |
|---|---|
| **Class Notice Mailed by:** | **March 21, 2022** |
| **Motion for Fees/Costs:** | **March 31, 2022** |
| **Objection/Exclusion Deadline:** | **May 5, 2022** |
| **Motion for Final Settlement Approval and Response to Objections:** | **May 26, 2022** |
| **Final Approval Hearing:** | **June 16, 2022 at 9:00 a.m.** |

23. Settlement Class Members do not need to appear at the Final Approval Hearing or take any other action to indicate their approval.

### Further Matters

24. All discovery and other pretrial proceedings in the Action as between the Plaintiff and Tesla are stayed and suspended until further order of the Court except such actions as may be necessary to implement the Settlement Agreement and this Order.

25. In order to protect its jurisdiction to consider the fairness of this Settlement Agreement and to enter a Final Approval Order and Judgment having binding effect on all Settlement Class Members, the Court hereby enjoins all members of the Settlement Class, and anyone who acts or purports to act on their behalf, from pursuing or continuing to pursue all other proceedings in any state or federal court or any other proceeding that seeks to address Releasing Parties' or any Settlement Class member's rights or claims relating to, or arising out of, any of the Released Claims.

26. Neither the Settlement nor the Settlement Agreement constitutes an admission, concession, or indication by the Parties of the validity of any claims or defenses in the Action or of any liability, fault, or wrongdoing of any kind by Tesla, which vigorously denies all of the claims and allegations raised in the Action.

27. In the event that the Settlement Agreement is terminated under the terms of the Settlement Agreement, or if for any reason whatsoever the approval of it does not become final and

no longer subject to appeal, then: (i) the Settlement Agreement shall be null and void, including any provisions related to the award of attorneys' fees and costs, shall have no further force and effect with respect to any party in this Action, and may not be referred to or used as evidence or for any other purpose whatsoever in the Action or any other action or proceeding; (ii) all negotiations, proceedings, documents prepared, and statements made in connection therewith shall be without prejudice to any person or party hereto, shall not be deemed or construed to be an admission by any party of any act, matter, or proposition, and shall not be used in any manner of or for any purpose in any subsequent proceeding in this Action or in any other action in any court or other proceeding, provided, however, that the termination of the Settlement Agreement shall not shield from subsequent discovery any factual information provided in connection with the negotiation of this Settlement Agreement that would ordinarily be discoverable but for the attempted settlement; (iii) this Order shall be vacated and of no further force or effect whatsoever, as if it had never been entered; and (iv) any party may elect to move the Court to implement the provisions of this paragraph, and none of the non-moving parties (or their counsel) shall oppose any such motion. This Order shall not be construed or used to show that certification of one or more classes would or would not be appropriate if the Action were to be litigated rather than settled.

28.   The Court retains jurisdiction to consider all further matters arising out of or connected with the Settlement.

DATED: ___December 9___, 2021            _____
                                          Honorable Beth Labson Freeman
                                          United States District Judge