UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| DAVID RASMUSSEN, an individual, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>TESLA, INC. d/b/a TESLA MOTORS, INC.,<br><br>Defendant. | Case No. 5:19-cv-04596-BLF<br><br>[PROPOSED] FINAL APPROVAL ORDER<br><br>AS MODIFIED BY THE COURT |

# FINAL APPROVAL ORDER

This matter is before the Court on Plaintiff's motion for final approval (the "Motion for Final Approval") of a proposed class action settlement (the "Settlement") of the above-captioned action (the "Action") between Plaintiff David Rasmussen ("Plaintiff") and Defendant Tesla, Inc. ("Tesla" and, along with Plaintiff, the "Parties"), pursuant to the Parties' Settlement Agreement and Release (the "Settlement Agreement"). Having duly considered all papers filed and arguments presented, IT IS HEREBY ORDERED and ADJUDGED as follows:

1. Unless defined herein, all defined terms in this Final Approval Order and accompanying Judgment shall have the respective meanings set forth in the Settlement Agreement.

2. This Court has jurisdiction over the subject matter of the Action and over all parties to the Action, including all Settlement Class Members.

3. The Court preliminarily approved the Settlement Agreement and entered the Preliminary Approval Order on December 9, 2021, and notice was given to all members of the Settlement Class under the terms of the Preliminary Approval Order.

4. The Court has read and considered the papers filed in support of the Motion, including the Settlement Agreement and the exhibits thereto, memoranda and arguments submitted on behalf of the Plaintiff, Settlement Class Members, and Tesla, and supporting declarations. The Court held a hearing on June 16, 2022, at which time the parties were afforded the opportunity to be heard in support of or in opposition to the Settlement. Furthermore, the Court finds that notice under the Class Action Fairness Act was timely and properly effectuated on August 6, 2021, and that ninety (90) days have passed without comment or objection from any governmental entity.

5. Based on the papers filed with the Court and the presentations made to the Court at the hearing, the Court now gives final approval to the Settlement and finds that the Settlement is fair, adequate, reasonable, and in the best interests of the Settlement Class. The Court has specifically considered the factors relevant to class settlement approval. Fed. R. Civ. P. 23(e)(2); *see also, e.g.*, *Churchill Vill., L.L.C. v. Gen. Elec.*, 361 F.3d 566 (9th Cir. 2004).

6. The Court specifically finds that the following factors support the Court's determination that the Settlement is fair, reasonable, and adequate:

a. The strength or weakness of Plaintiff's case on the merits;

b. The anticipated expense, complexity, and duration of litigation, including the difficulties of proof and strong defenses Plaintiff would encounter if the case had gone to trial;

c. The effectiveness of the proposed method of distributing relief to the Settlement Class, including the automatic payments to Settlement Class Members provided for in the Settlement;

d. There are no other agreements required to be identified under Rule 23(e)(3);

e. The Settlement treats class members equitably relative to each other;

f. The risk of maintaining class action status throughout trial;

g. The significant relief provided for the Settlement Class pursuant to the Settlement;

h. The informal discovery that has already occurred in this case;

i. The experience and views of Class Counsel; and

j. The positive reaction of the Settlement Class.

7. The Court has also scrutinized the Settlement Agreement and negotiation history for any signs of potential collusion. *See, e.g.*, *In re Bluetooth Headset Products Liability Litig.*, 654 F.3d 935 (9th Cir. 2011).

8. The Court specifically finds that the following factors support the Court's determination that the Settlement is not the product of collusion:

a. The Settlement Agreement was negotiated by experienced, well-qualified counsel and with the active involvement and assistance of neutral, well-qualified mediators;

b. The Settlement provides substantial benefits to Settlement Class Members, and such benefits are not disproportionate to the attorneys' fees, costs, and expenses awarded to Class Counsel;

c. The benefits provided to Settlement Class Members are appropriate under the circumstances of this Action;

d. The attorneys' fees and costs awarded to Class Counsel are not paid separate and apart from class funds, nor do any fees not awarded revert to Tesla; and

        e. The Parties negotiated the attorneys' fees and costs only after reaching an agreement in principle as to the substantive elements of the Settlement.

9. The Court has considered the objection to the Settlement by Mr. Miles Lewis. Dkt. 59. Mr. Lewis contends that he spent approximately $10,000 on a larger battery for his Tesla Model S that extended its range. *See id.* Mr. Lewis contends that despite software updates restoring the maximum voltage of his vehicle's battery, his vehicle's "full 300 mile range" has not been restored. *See id.* Accordingly, Mr. Lewis seeks either "[his] $10,000.00 refunded or [his] full 300 mile range restored." *See id.* Plaintiff argues that Mr. Lewis has provided no factual support for his vehicle's attenuated range; no other Class Member has made this complaint; and data from Mr. Lewis's vehicle shows that its battery's maximum voltage has been restored to 100%. *See* Motion, Dkt. 60 at 17 (citing Gates Decl., Dkt. 60-3 ¶ 8). As this Court has explained, "a class settlement is not capable of resolving every possible consequential damages claim a Class Member might wish to pursue." *Mendoza v. Hyundai Motor Co., Ltd.*, No. 15–CV–01685–BLF, 2017 WL 342059, at *10 (N.D. Cal. Jan. 23, 2017). Thus, "[i]t would not be fair to the class as a whole to set aside an otherwise fair settlement because it does not address unique and difficult to prove hardships suffered by only a few members of the class." *Id.*; *see also Hendricks v. Starkist Co.*, No. 13–cv–00729–HSG, 2016 WL 5462423, at *6 (N.D. Cal. Sep. 29, 2016) ("That a more favorable result for some Class Members could potentially have been reached is not a sufficient reason to reject an otherwise fair and reasonable settlement.") (quotation marks and citations omitted); *Allen v. Bedolla*, 787 F.3d 1218, 1223 (9th Cir. 2015) ("[I]t is the nature of a settlement, as a highly negotiated compromise . . . that it may be unavoidable that some class members will always be happier with a given result than others.") (quotation marks, modifications, and citations omitted). Mr. Lewis's "could-have-been-better" objection is insufficient to support the setting aside of the Settlement, particularly where Mr. Lewis's objection is directed to a factually unsubstantiated issue that was not the focus of this case (*i.e.*, vehicle range, rather than maximum battery voltage). *See Mendoza*, 2017 WL 342059, at *10. Accordingly, Mr. Lewis's objection to final approval of the Settlement is overruled.

10. Under Federal Rules of Civil Procedure 23(b)(3) and 23(c), the Court certifies, for

settlement purposes only, the following "Settlement Class":

> All U.S. residents who, anytime during the period from May 15, 2019 through September 1, 2020, owned or leased a Tesla Model S vehicle that experienced a limitation of maximum battery voltage as the result of the software update issued by Tesla in May 2019. Excluded from the Settlement Class are any Judge presiding over this Action, the members of his or her immediate family, and Tesla and its officers and directors.

11. Under Federal Rule of Civil Procedure 23, David Rasmussen is hereby appointed as Class Representative and the following are hereby appointed as Class Counsel:

> Robert J. Nelson
> Nimish R. Desai
> LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
> 275 Battery Street, 29th Floor
> San Francisco, CA 94111-3339
>
> Edward C. Chen
> LAW OFFICES OF EDWARD C. CHEN
> 1 Park Plaza, Suite 600
> Irvine, CA 92614

12. With respect to the Settlement Class, the Court finds that the prerequisites for a class action under Federal Rules of Civil Procedure 23(a) and (b)(3) have been met, including that the Settlement Class is sufficiently numerous, that there are questions of law and fact common to members of the Settlement Class that predominate, that Plaintiff's claims are typical of the claims of the Settlement Class, that Plaintiff and his counsel adequately represent the interests of the Settlement Class, and that a settlement class is a superior method of adjudicating this Action.

13. The Court has determined that the notice given to the Settlement Class, in accordance with the Settlement Agreement and the Preliminary Approval Order, fully and accurately informed members of the Settlement Class of all material elements of the Settlement and constituted the best notice practicable under the circumstances, and fully satisfied the requirements of due process, Federal Rule of Civil Procedure 23, and all applicable law.

14. The Court hereby finds that all persons who fall within the definition of the Settlement Class have been adequately provided with an opportunity to exclude themselves from the Settlement by submitting a request for exclusion in conformance with the terms of the Settlement Agreement and this Court's Preliminary Approval Order. All persons who submitted timely and valid requests for exclusion are not bound by this Final Order and Judgment. A list of

those persons who submitted timely and valid requests for exclusion is attached hereto. All other persons who fall within the definition of the Settlement Class are Settlement Class Members and shall be bound by this Final Order and Judgment and the Settlement Agreement.

15. The Court finds that Tesla properly and timely notified the appropriate state and federal officials of the Settlement Agreement under the Class Action Fairness Act of 2005, 28 U.S.C. § 1715.

16. The Court orders the Parties to the Settlement Agreement to perform their obligations thereunder. The Settlement Agreement, including the releases therein, shall be deemed incorporated herein as if explicitly set forth and shall have the full force of an order of this Court. Upon the Effective Date, Plaintiff, each and every Settlement Class Member, and the remainder of the Releasing Parties (as defined in the Settlement Agreement) fully and irrevocably release and forever discharge the Released Parties (as defined in the Settlement Agreement) from any and all liabilities, claims, cross-claims, causes of action, rights, actions, suits, debts, liens, contracts, agreements, damages, costs, attorneys' fees, losses, expenses, obligations, or demands, of any kind whatsoever, whether known or unknown, existing or potential, or suspected or unsuspected, whether raised by claim, counterclaim, setoff, or otherwise, including any known or unknown claims, which they have or may claim now or in the future to have, that were or could have been alleged or asserted against any of the Released Parties in this Action arising from or relating to the changes to the maximum battery voltage caused by the software updates Tesla issued in May 2019, July 2019 and March 2020 ("Released Claims"). The Released Claims do not cover claims relating to a motor vehicle accident or involving personal injury or property damage.

17. The Court dismisses this Action with prejudice and without costs (except as otherwise provided herein and in the Settlement Agreement) as to Plaintiff and all Settlement Class Members. The Court adjudges that, upon the Effective Date, the Releasing Parties, and each of them, shall be deemed to have fully and irrevocably released and forever discharged all Released Claims against the Released Parties.

18. On the Effective Date, the Releasing Parties, and each of them, are forever barred and permanently enjoined from directly, indirectly, representatively, or in any other capacity filing,

commencing, prosecuting, continuing, litigating, intervening in, participating in as class members or otherwise, or receiving any benefits or other relief from, any lawsuit or arbitration, or other proceeding against any of the Released Parties in any jurisdiction based on the Released Claims.

19. The Court further adjudges that upon the Effective Date, the above-described releases and the Settlement Agreement will be binding on and have *res judicata* and preclusive effect in all pending and future lawsuits or other proceedings maintained by or on behalf of the Releasing Parties, and each of them. The Released Parties may file the Settlement Agreement and/or this Final Approval Order and accompanying Judgment in any action or proceeding that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

20. The Plaintiff and all Settlement Class Members shall, as of the Effective Date, conclusively be deemed to have acknowledged that the Released Claims may include claims, rights, demands, causes of action, liabilities, or suits that are not known or suspected to exist as of the Effective Date. The Plaintiff and all Settlement Class Members nonetheless release all such Released Claims against the Released Parties. Further, as of the Effective Date, Plaintiff and all Settlement Class Members shall be deemed to have waived any and all protections, rights, and benefits of California Civil Code section 1542 and any comparable statutory or common law provision of any other jurisdiction.

21. The benefits and payments described in the Settlement Agreement are the only consideration, fees, and costs Tesla shall be obligated to give to the Class Representative, Settlement Class Members, and Class Counsel in connection with the Settlement Agreement, the Released Claims, and the payment of attorneys' fees and costs.

22. Without affecting the finality of this Final Approval Order and accompanying Judgment in any way, the Court retains jurisdiction over: (a) implementation and enforcement of the Settlement Agreement until the final judgment contemplated hereby has become effective and each and every act agreed to be performed by the parties hereto pursuant to the Settlement Agreement has been performed; (b) any other action necessary to conclude the Settlement and to

administer, effectuate, interpret, and monitor compliance with the provisions of the Settlement Agreement; and (c) all parties to this Action and Settlement Class Members for the purpose of implementing and enforcing the Settlement Agreement, including the bar orders set forth in paragraph 18 above.

23. The Court approves payment of attorneys' fees to Class Counsel in the amount of $373,377.79 plus their costs of $36,622.21. This amount shall be paid from the Settlement Fund in accordance with the terms of the Settlement Agreement. The Court, having considered the materials submitted by Class Counsel in support of final approval of the Settlement and their request for attorneys' fees and costs, finds the award of attorneys' fees and costs appropriate and reasonable, and the Court notes that the class notice specifically and clearly advised the class that Class Counsel would seek the award.

24. The Court approves the service award payment of $1,000 to David Rasmussen and specifically finds such amount to be reasonable in light of the service performed by Plaintiff for the class. This amount shall be paid from the Settlement Fund in accordance with the terms of the Settlement Agreement.

25. Neither the Settlement Agreement and Settlement, nor this Order, shall be construed as an admission or concession by Tesla of the truth of any of the allegations in the Action, or of any liability, fault, or wrongdoing of any kind, nor as an admission or concession by Plaintiff that his claims against Tesla lack merit. To the extent permitted by law, neither the Settlement Agreement, the Settlement, this Order, the Judgment, any of their terms or provisions, nor any of the negotiations or proceedings connected with them, shall be offered as evidence or received in evidence or used in any way in any pending or future civil, criminal, or administrative action or any other proceeding to establish any liability or wrongdoing of, or admission by Tesla. Notwithstanding the foregoing, nothing in this Order shall be interpreted to prohibit the use of this Order or the Judgment in a proceeding to consummate or enforce the Settlement Agreement or Judgment, or to defend against the assertion of Released Claims in any other proceeding. All other relief not expressly granted to the Settlement Class Members is denied.

26. The Court finds that no just reason exists for delay in entering this Final Approval

Order and accompanying Judgment. Accordingly, the Clerk is hereby directed forthwith to enter this Final Approval Order and accompanying Judgment.

DATED:    June 21    , 2022

_____
Honorable Beth Labson Freeman
United States District Judge

**Attachment**

**Exclusion List**

**Count: 1**

| Last Name | First Name(s) |
|---|---|
| ESPARZA | SINOEH & GAYELEA |